**ALAMEDA OIL COMPANY et al.,**<br>
**Plaintiffs,**

**v.**

**IDEAL BASIC INDUSTRIES, INC.,**<br>
**et al., Defendants.**

**Civ. A. No. C–2201.**

United States District Court,<br>
D. Colorado.

Jan. 24, 1972.

---

William K. Ris, Denver, Colo., Harold Van Dyke and Thomas W. Van Dyke, of Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, Mo., for plaintiffs.

William C. McClearn, of Holland & Hart, Denver, Colo., Hugh B. Cox and Michael Boudin, of Covington & Burling, Washington, D. C., for defendants.

Charles B. Renfrew, of Pillsbury, Madison & Sutro, San Francisco, Cal., for corporate defendant, Ideal Basic Industries, Inc.

## ORDER ON DEFENDANTS' MOTIONS FOR A DIRECTED VERDICT

WILLIAM E. DOYLE, Circuit Judge, assigned.

Counsel for the defendants having moved for a directed verdict at the end of the plaintiffs' case in chief and having renewed the motion at the end of all of the evidence, and the Court, having considered all of the evidence together with the pleadings, pretrial order, briefs, memoranda of the parties and arguments of counsel, now makes the following determinations:[1]

1. The plaintiffs make claims under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 issued thereunder, under Section 14(a) of the same Act and Rule 14a–9 issued thereunder, and for breach of fiduciary duty under state law. In the particular circumstances of this case the claim under Section 14(a) duplicates the claim under the second clause of Rule 10b–5 and does not provide an independent ground for recovery. To support their claim for breach of fiduciary duty the plaintiffs rely upon the same evidence and contentions advanced to support their claim under Section 10(b). The decisive issues in the case therefore arise under Section 10(b) and Rule 10b–5.

2. The Court has determined that the defendants' motion for a directed verdict should be granted because the evidence and the inferences that may fairly be drawn therefrom, considered in the light most favorable to the plaintiffs, would not support a verdict for the plaintiffs.

3. Viewed in the light most favorable to the plaintiffs the evidence would not support a finding that the communications received by Potash Company of America in August 1967 from Susquehanna constituted a real or solid outstanding merger offer from Susquehanna, and the evidence is conclusive that the directors of PCA had reasonable grounds for believing that any merger proposal made in the August communications from Susquehanna had been withdrawn and was not outstanding. Consequently, the PCA directors were under no obligation to inform the PCA stockholders of the communications from Susquehanna or to submit to them for their consideration the proposal to merge PCA with Susquehanna described in the August 1967 communications from Susquehanna.

4. If the communications from Susquehanna in August 1967 were regarded as expressing an interest in negotiating a merger of PCA with Susquehanna, the evidence would not support a finding that the value and advantage of the terms suggested was so clear as to require the directors of PCA to submit the proposal to the PCA stockholders for their consideration. The evidence would not support a finding that in failing to include in the proxy material or otherwise any information in regard to the August communications the directors acted in bad faith or with wilful and in-

---

1. The within order formalizes remarks made from the bench at the close of the evidence.

tentional disregard of the rights and interests of the stockholders.

5. In the case of the December 1967 offer of Susquehanna there is no evidence whatsoever that there was any misrepresentation to the stockholders in relation to this proposal. In addition, there is no evidence that would support a finding that the value and advantage of that proposal was so clear as to impose upon the directors of PCA any obligation to repudiate or delay the merger with Ideal Cement for the purpose of submitting the Susquehanna proposal to the stockholders. The evidence would not support a finding that in failing to inform PCA stockholders of the December communications from Susquehanna the directors acted in bad faith or with wilful and intentional disregard of the rights and interests of the stockholders.

6. There is no evidence PCA directors were dominated or controlled by anyone and the evidence establishes that the directors exercised their independent judgment in deciding that a merger of PCA with Ideal Cement would be in the best interests of the PCA stockholders and that a merger of PCA with Susquehanna would be contrary to the best interests of PCA stockholders.

7. Apart from and independent of the grounds stated above the plaintiffs' case fails on other grounds. Viewing the evidence in the light most favorable to the plaintiffs the record will not support a finding that any alleged unlawful act of the defendants has been the cause of injury to the PCA shareholders or that PCA shareholders have suffered any damages as a result of any such act.

8. The evidence would not support a finding that the stockholders have been injured because PCA merged with Ideal Cement instead of remaining an independent company. Neither would the evidence support a finding that the value of the PCA stock that the stockholders exchanged in the merger with Ideal Cement exceeded the value of the Ideal Basic stock that they received.

9. The evidence would not support a finding that the directors of PCA were required to recommend a merger of PCA with Susquehanna and the plaintiffs have expressly disclaimed any contention that the directors of PCA were legally obligated to do so. The evidence would not support a finding that, in the event the merger with Ideal Cement had not been approved by the PCA stockholders, there is any reasonable likelihood that a merger of PCA with Susquehanna would have occurred. On the basis of the evidence, therefore, the plaintiffs can not claim injury or measure damages on the assumption that there could or would have been a merger with Susquehanna. The evidence of injury and damage relied on by the plaintiffs, involving as it did a hope of merger, showed no more than a slight possibility that a merger would come about. It was, therefore, legally remote and insufficient to establish either injury or damage in the law.

10. The plaintiffs' claim that their damages should be measured by the market value stated in the Susquehanna offer of December 1967—$90 per share for each share of Potash—fails for an additional reason. Market value on a particular day is not a valid standard for determining value since the merger would not have been completed had there been one and, secondly, the shareholders could not have realized this value on any particular day and had they failed to do so they would have been faced with declining value of these Susquehanna shares, whereby they would have suffered a severe loss if they had not acted quickly. The evidence would not support a finding that the investment or inherent value of the Susquehanna stock packages described in Susquehanna's communications with PCA in August and December 1967 was as great as the investment or inherent value of either the PCA shares or the Ideal Cement stock packages exchanged for PCA shares pursuant to the merger.

11. The evidence establishes that Ideal Cement Company, the predecessor of the corporate defendant, was not responsible for the preparation or content of those portions of the proxy statement relating to PCA. The evidence would

not support a finding that Ideal Cement had any obligation to make any disclosure to the stockholders of PCA with respect to other merger proposals made to PCA or any obligation to refrain from buying stock in PCA. The evidence would not support a finding that Ideal Cement had knowledge of or participated in any wrongful act or that any act of Ideal Cement caused any injury or damages to PCA shareholders. The evidence also would not support a finding that the stockholders of PCA had any claim against PCA for which the corporate defendant would be responsible under the terms of the merger agreement as a successor to PCA.

The motion of the defendants for dismissal and for a directed verdict in their favor is hereby granted. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiffs.